1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNION DE TRONQUISTAS DE PUERTO
RICO, LOCAL 901,

        Plaintiff,

        v.

CROWLEY LINER SERVICES INC.,

        Defendant.

Civil No. 14-1835 (JAF)

5
6

## OPINION AND ORDER

7      Defendant, Crowley Liner Services, Inc. ("Crowley"), prevailed in an arbitration

8    claim brought by a terminated employee.  Plaintiff José R. Grajales ("Grajales"), under

9    the name of Unión de Tronquistas de Puerto Rico, Local 901 ("Unión"), challenged the

10   award in the Puerto Rico Commonwealth Courts, and Crowley removed the case to

11   federal court.  Crowley now asks us to grant summary judgment in its favor.  (Docket

12   No. 12.)  For the following reasons, we grant Crowley's motion and dismiss the case.

13                                   **I.**

14                       **Background**

15      When considering a summary judgment motion, we typically view all facts in the

16   light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith*

17   *Radio Corp.*, 475 U.S. 574, 587 (1986).  However, because Grajales/Unión entirely failed

18   to controvert Crowley's statement of facts, we deem Crowley's statement of facts as

19   admitted in its entirety.  *See Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st

20   Cir. 2004).  That said, both parties stipulated to the facts in this paragraph during

1    arbitration.   (Docket No. 14 at 2.)   On January 2, 1990, Grajales began working for

2    Crowley Liner Services, Inc. ("Crowley").   By the time of his termination, he held the

3    position of "Foreperson, General Mechanic/Foreperson Trailer Repair" and earned a

4    salary of $29.15 per hour.   Grajales was injured on July 7, 2011, and he reported his

5    injury to the company on July 8, 2011.  The company ordered him to rest.[1]  On July 15,

6    2011, Grajales reported to the State Insurance Fund Corporation ("SIF"), which also

7    ordered him to rest while receiving treatment.   On August 19, 2011, Crowley's Human

8    Resources Director, Enrique Figueroa ("Figueroa"), met with the SIF auditor, Mr. Cruz.

9    Neither Grajales nor a union delegate was present at the meeting.   On September 6, 2011,

10   Grajales was terminated.  (Docket No. 1-1 at 31-32.)

11         Grajales was a member of the Unión and was covered by the Collective

12   Bargaining Agreement ("CBA").   He challenged Crowley's decision to terminate him by

13   filing a complaint through the grievance and arbitration procedure pursuant to Article

14   XIII of the CBA between the parties.  (Docket No. 14 at 1.)  On January 24, 2014, an

15   arbitration hearing was held before Arbitrator Idabelle Vázquez ("the arbitrator") in the

16   Bureau of Conciliation and Arbitration of the Department of Labor and Human

17   Resources.  (Docket No. 1-1 at 28-38.)  Grajales and Crowley were each represented by

18   counsel and Unión appeared in an "observer capacity." (Docket No 1-1 at 28-29.)[2]

---

[1] The facts stipulate that "On July 8, 2011, the Petitioner reported to UNIMED" and that "UNIMED ordered the Petitioner to rest."  We assume that UNIMED was internal to Crowley, as it is not explained further. (*See* Docket No. 1-1 at 31.)

[2] According to the translation of the arbitration decision, "Mr. José R. Grajales, herein petitioner, signed a General Release and Authorization to Litigate with the Union, by which the former waived its right to be represented by the Truck Drivers Union in this case."   A union delegate attended as an "observer."  (Docket No. 1-1 at 28.)

1     Along with the stipulated facts, the parties also submitted joint documentary

2  evidence:  the Collective Bargaining Agreement in effect between the parties from

3  March 26, 2006, to March 26, 2012; the September 6, 2014, termination letter;[3] the

4  July 15, 2011, employer report from the SIF, showing that the accident occurred on

5  July 7, 2011; the July 15, 2011, SIF decision regarding medical treatment; the August 26,

6  2011, SIF decision regarding medical treatment; and the October 11, 2011, SIF decision

7  regarding medical treatment.  (Docket No. 1-1 at 32-33.)

8     During the arbitration hearing, Crowley called Figueroa as a witness to testify

9  about the internal investigation he conducted that led to Grajales' termination.  (Docket

10  No. 14 at 3.)  Grajales, through counsel, was given the opportunity to cross-examine

11  Figueroa.  (Docket No. 14 at 4.)  Crowley also submitted into evidence a September 23,

12  2011, letter from the Director of the Internal Audit of the SIF, which determined that

13  Grajales had violated the medical orders to rest while receiving treatment.  Crowley also

14  submitted a decision by the SIF administrator which determined that Grajales committed

15  fraud by working when he was supposed to be resting.  (Docket No. 14 at 3.)  Grajales

16  was given the opportunity to present evidence in his defense.  However, he did not testify

17  or provide any evidence.  Both parties presented legal memoranda to the arbitrator at the

18  termination of the proceedings.  (Docket No. 14 at 4.)

19     On September 17, 2014, the arbitrator rendered her decision.  (Docket No. 1-1.)

20  The arbitrator wrote that:

---

[3] Grajales stipulated to its delivery but not its contents.

> 1    The facts in this case are simple.  This case deals with an
> 2    employee who, while under orders to rest and receiving
> 3    treatment in the State Insurance Fund, was working at another
> 4    shop, while receiving the benefits provided by Collective
> 5    Bargaining Agreement…Upon analyzing and assessing the
> 6    documentary and testimonial evidence presented by both
> 7    parties during the arbitration hearing, we decided that the
> 8    termination of Mr. José R. Grajales was justified.  The
> 9    Employer, who bears the burden of proof, showed that the
> 10   Petitioner was dishonest.  The punishable conduct consisted
> 11   in defrauding the Employer by enjoying the benefit provided
> 12   by the Collective Bargaining Agreement in respect of the
> 13   work accident leave, after being diagnosed with an injury to
> 14   the right shoulder (for which reason the Fund ordered the
> 15   Petitioner to rest), while simultaneously working in an auto
> 16   body shop.   According to the Collective Bargaining
> 17   Agreement, which governs the worker-employer relations
> 18   between the Company and the Union, said conduct is
> 19   punishable with termination.

(Docket No. 1-1 at 36.)   The arbitrator further found that there was "an intention to commit fraud," and that, therefore, no mitigating factor could lessen the penalty.  (Docket No. 1-1 at 37) (citing *Miranda Ayala v. Hosp. San Pablo*, 190 D.P.R. 734, 741 (2007)).

On March 25, 2014, Grajales, filing as Unión, asked the local Commonwealth court for a review of the arbitration award.  (Docket No. 1-1.)  He argued that "the award is based on hearsay evidence that is inadmissible evidence that could not be authenticated or cross-examined, which is a violation of due process of law and contrary to public policy, and erroneously determined that his dismissal was justified." (Docket No. 1-1 at 6.)

On November 19, 2014, Crowley filed notice of removal to federal court.  (Docket No. 1.)  On March 2, 2015, Crowley filed a motion for summary judgment asking that the case be dismissed.  (Docket No. 12.)  Crowley accompanied this with a memorandum of

1   law and a statement of uncontested material facts.  (Docket Nos. 13, 14.)  Suggestions in

2   opposition were due by March 19, 2015, but no opposing motions were filed.  (Docket

3   Entry No. 12.)  On March 23, 2015, Crowley requested that their motion for summary

4   judgment be deemed unopposed.  (Docket No. 18.)

5                                                        **II.**

6                                                 **<u>Analysis</u>**

7           The Federal Arbitration Act ("FAA") grants considerable discretion to arbitrators

8   and provides "only a narrow set of statutory grounds for a federal court to vacate an

9   award."  *Bangor Gas Co., LLC v. H.Q. Energy Services (U.S.) Inc.*, 695 F.3d 181, 187

10  (2012).  A United States Court in and for the district wherein the award was made may

11  vacate the award in cases:

12              (1) where the award was procured by corruption, fraud, or
13              undue means; (2) where there was evident partiality or
14              corruption in the arbitrators, or either of them; (3) where the
15              arbitrators were guilty of misconduct in refusing to postpone
16              the hearing, upon sufficient cause shown, or in refusing to
17              hear evidence pertinent and material to the controversy; or of
18              any other misbehavior by which the rights of any party have
19              been prejudiced; or (4) where the arbitrators exceeded their
20              powers, or so imperfectly executed them that a mutual, final,
21              and definite award upon the subject matter submitted was not
22              made.
23
24  9 U.S.C. § 10(a); *see also Bangor Gas Co.*, 695 F.3d at 187.  There is a circuit split about

25  whether there is an additional common law ground for awards that are in "manifest

26  disregard of the law,"  which would mean awards that conflict with the plain language of

27  the contract, or awards in which the arbitrator recognized the applicable law but ignored

28  it.  *Bangor Gas Co.*, 695 F.3d at 187 (internal citations omitted).

1    Grajales argues that the arbitration award must be vacated because "the award is

2    based on hearsay evidence that is inadmissible evidence that could not be authenticated

3    or cross-examined, which is a violation of due process of law and contrary to public

4    policy, and erroneously determined that his dismissal was justified." (Docket No. 1-1 at

5    6.)  This allegation is not based in any of the four narrow statutory grounds, not have we

6    seen evidence that anything occurred in violation of those statutory grounds.  Likewise,

7    neither party has alleged "manifest disregard of the law," nor do we see evidence that it

8    occurred.  Therefore, we grant Crowley's motion for summary judgment and dismiss

9    Plaintiff's claims.

10                                          **III.**

11                                      **<u>Conclusion</u>**

12    For the foregoing reasons, Crowley's motion for summary judgment (Docket

13    No. 12) is **GRANTED**.  Unión's (and, therefore, Grajales') claims are **DISMISSED**.

14    Crowley's motion requesting an order that its motion for summary judgment be deemed

15    unopposed (Docket No. 18) is **MOOT**.

16    **IT IS SO ORDERED.**

17    San Juan, Puerto Rico, this 29th day of May, 2015.

18                                          <u>S/José Antonio Fusté</u>
19                                          JOSE ANTONIO FUSTE
20                                          U. S. DISTRICT JUDGE